# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00525-CR

**Elias Shawn Bihl aka Elias Bihl, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT NO. C-13-0631-SA, THE HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Elias Shawn Bihl aka Elias Bihl was convicted by a jury of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a). Pursuant to the habitual offender provision of the Penal Code, the jury assessed his punishment at confinement in the Texas Department of Criminal Justice for 30 years. *See id.* § 12.42(d).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant requested two extensions of time to file a response, which this Court granted. Appellant filed a pro se response in which he asserts that the evidence is insufficient to support his conviction.

We have conducted an independent review of the record—including appellant's pro se response—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.

However, we observe that the judgment of conviction contains non-reversible clerical error. The judgment reflects that appellant's plea to the first enhancement paragraph of the indictment is not applicable ("N/A"). The judgment likewise reflects that the jury's findings on the first enhancement paragraph of the indictment is not applicable ("N/A"). The record, however, reflects that appellant pled "True" to this paragraph, as well as the second enhancement paragraph, at the beginning of the punishment phase of trial, and that the jury found both enhancement paragraphs to be "True" in its punishment verdict. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment of conviction to reflect that appellant pled "True" to the first enhancement paragraph and that the jury's

2

finding on the first enhancement paragraph was "True." As so modified, the trial court's judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Modified and, as Modified, Affirmed

Filed:   July 3, 2015

Do Not Publish